# THE STATE OF TEXAS

## S U B P O E N A

ADVERSARY PROCEEDING NO. 18-02007-RLJ

*RABO AGRIFINANCE, LLC f/k/a RABO AGRIFINANCE, INC., WAGGONER CATTLE, LLC, CLIFF HANGER CATTLE, LLC, and CIRCLE W OF DIMMITT, INC.,* In the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

TO ANY SHERIFF, CONSTABLE, PEACE OFFICER, PROCESS SERVER, OF THE STATE OF TEXAS OR ANY OTHER PERSON AUTHORIZED BY LAW TO SERVE OR EXECUTE SUBPOENAS

**YOU ARE HEREBY COMMANDED TO SUMMON:**

**MICHAEL QUINT WAGGONER**

**2936 US HIGHWAY 385**

**DIMMITT, TEXAS 79027**

TO PRODUCE AND PERMIT INSPECTION AND COPYING OF DESIGNATED DOCUMENTS OR TANGIBLE THINGS IN THE POSSESSION, CUSTODY, OR CONTROL OF THE CUSTODIAN OF RECORDS FOR **MICHAEL QUINT WAGGONER**. THE DESIGNATED DOCUMENTS AND TANGIBLE THINGS FOR PRODUCTION ARE SPECIFIED IN EXHIBIT A OF THIS SUBPOENA PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 34 AND 45 AND BANKRUPTCY RULE 7034.

THE ABOVE PERSON IS COMMANDED TO PRODUCE RESPONSIVE DOCUMENTS AND TANGIBLE THINGS TO THE LAW OFFICES OF LOVELL, LOVELL, ISERN & FARABOUGH, L.L.P. ON OR BEFORE THIRTY (30) DAYS FROM THE DATE OF SERVICE OF THE SUBPOENA AND REQUEST FOR PRODUCTION UPON YOU.

PLAINTIFF WILL PAY THE REASONABLE COSTS INCURRED BY S&R CATTLE TO COMPLY WITH THIS SUBPOENA, IF FIRST UNITED BANK WILL CONTACT PLAINTIFF'S COUNSEL PRIOR TO INCURRING THE COSTS AND PROVIDE AN ESTIMATE OF THOSE COSTS.

TAKE NOTICE OF THE FOLLOWING PROVISIONS OF FED. R. CIV. P. 45(d), (e):

- **(d)** **PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT:**
  - **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.
  - **(2)** *Command to Produce Materials or Permit Inspection.*
    - **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in

person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(I)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(I)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure or privileges or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(I)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(I)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Note Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(I)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**CONTEMPT:** FAILURE BY ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY A SUBPOENA SERVED UPON THAT PERSON MAY BE DEEMED A CONTEMPT OF THE COURT FROM WHICH THE SUBPOENA IS ISSUED OR A DISTRICT COURT IN THE COUNTY IN WHICH THE SUBPOENA IS SERVED, AND MAY BE PUNISHED BY FINE OR CONFINEMENT, OR BOTH.

MAKE DUE RETURN OF THIS SUBPOENA SHOWING HOW YOU HAVE EXECUTED IT.

WITNESS MY OFFICIAL SIGNATURE AT AMARILLO, POTTER COUNTY, TEXAS ON: MARCH 6, 2019.

JOHN H. LOVELL
ATTORNEY FOR PLAINTIFF, HAPPY STATE BANK

By:   /s/ John H. Lovell
   John H. Lovell, State Bar No. 12609300

UPON RECEIPT OF THIS SUBPOENA, YOU MAY CALL JOHN H. LOVELL AT (806) 373-1515 IF YOU HAVE ANY QUESTIONS, AND TO CONFIRM DATE AND TIME TO REPORT.

(OFFICER'S RETURN FOLLOWS)

---------------------------- **O F F I C E R'S   R E T U R N** ----------------------------

ADVERSARY PROCEEDING NO. 18-02007-RLJ

*RABO AGRIFINANCE, LLC f/k/a RABO AGRIFINANCE, INC., WAGGONER CATTLE, LLC, CLIFF HANGER CATTLE, LLC, and CIRCLE W OF DIMMITT, INC.*, In the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

WITNESS NAME: _Michael Quint Waggoner_

CAME TO HAND THE _6_ DAY OF MARCH, 2019, AT _2:10_ (O'CLOCK) _P_.M.

CHECK THE APPLICABLE STATEMENT

_X_   AND EXECUTED BY DELIVERING A COPY OF THIS SUBPOENA TO: _Michael Quint Waggoner, 2936 U.S. 385, Dimmitt TX_

ON _March 8_, 2019, AT _2:12_ O'CLOCK _P_.M.

_____ NOT EXECUTED TO THE WITHIN NAMED: _____

FOR THE FOLLOWING REASON: _____

_____ ~~OFFICER~~

_____ /~~COUNTY, TEXAS~~

By: _Bre Abups_

SCA 6877
5-31-19

FEE FOR SUMMONING   $_____

FEE FOR MILEAGE:   $_____

TOTAL FEES:   $_200_

# Exhibit A

## DOCUMENTS TO BE PRODUCED

**Definitions:**

"Michael Quint Waggoner" means Michael Quint Waggoner

Waggoner Cattle" means Waggoner Cattle, LLC, a Texas limited liability company, and Debtor in Case No. 18-20126-rlj.

"Quint Waggoner" means Michael Quint Waggoner, Debtor in Case No. 18-20125-rlj.

"Bugtussle" means Bugtussle Cattle, LLC, a Delaware limited liability company, and Debtor in Case No. 18-20128-rlj.

"Circle W" means Circle W of Dimmitt, Inc., a Texas corporation, and Debtor in Case No. 18-20127-rlj.

"Cliff Hanger" means Cliff Hanger Cattle, LLC, a Texas limited liability company, and Debtor in Case No. 18-20129-rlj.

"Debtors" means Michael Quint Waggoner, and all successors in interest, Waggoner Cattle, LLC, Bugtussle Cattle, LLC, Circle W of Dimmitt, Inc. and Cliff Hanger Cattle, LLC, and all of their affiliated companies and entities, and any and all representatives thereof.

"Account" means savings and/or checking accounts of any of the above-referenced Debtors, including but not limited to any account ending in the last four digits as follows: 9309 or 1406.

"Quinntripp, LLC" means Quinntripp LLC, a Texas limited liability company whose Managing Member is Quint Waggoner.

**MICHAEL QUINT WAGGONER** is to produce for inspection and copying the following documents, records and/or audio/video recordings:

1. Copies (and if they exists, transcripts) of all audio and/or videotaped recordings made of by, on behalf of, or at the direction of Michael Quint Waggoner commemorating meetings, discussions, gatherings, assemblies, conference calls and any other type of conversation(s) or communications that took place between any employee, officer, manager, agent, member and/or director of any of the Debtors , and any employee, officer, manager, agent, member and/or director of Lone Star State Bank of Texas, Rabo Agrifinance, LLC, f/k/a Rabo Agrifinance, Inc, Rabo Bank, S&R Cattle and/or any person/entity identified as a witness in any party's Rule 26(a)(1) Initial Disclosures filed in this matter.