

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 25, 2019**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WAGGONER CATTLE, LLC, et al. | § | Case No. 18-20126-RLJ-11 |
| | § | Jointly Administered |
| Debtor. | § | |
| | § | |
| LONE STAR STATE BANK OF WEST TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 18-02007 |
| | § | (Civil Action No. 2:19-cv-00098-D) |
| RABO AGRIFINANCE, LLC, WAGGONER CATTLE, LLC, CLIFF HANGER CATTLE, LLC, CIRCLE W OF DIMMITT, INC., | § | |
| | § | |
| Defendants. | § | |

Page 1

## REPORT AND RECOMMENDATION

On June 13, 2019, I conducted a status conference on the motion of defendant and counter-plaintiff Rabo AgriFinance LLC (Rabo) to withdraw the reference. I hereby submit my report to the District Court. *See* N.D. Tex. L.B.R. 5011-1(a).

1. The plaintiff and counter-defendant, Lone Star State Bank of West Texas (Lone Star), filed its response to the motion and requested that the motion be denied or, alternatively, that the District Court withdraw the reference for trial only with all pre-trial matters, including dispositive motions, heard and decided in the bankruptcy court.

2. Trial and all hearings and deadlines associated with the trial are stayed pending determination of the motion by the District Court. *See* Doc. No. 99.[1]

3. This adversary proceeding concerns non-core causes of action. Rabo does not consent to entry of a final order by the bankruptcy court.

4. Rabo timely demanded a jury trial. Lone Star's motion to strike the jury demand was denied. Doc. No. 85.

5. Rabo is entitled to a jury trial on most if not all the causes of action. Rabo does not consent to a jury trial in the bankruptcy court. *See* 28 U.S.C. § 157(e).

6. A scheduling order has been issued but is subject to the stay order. The parties are going forward with discovery.

7. The parties are engaged in discovery and are not presently ready for trial.

8. I recommend that the District Court issue an order providing that the reference be withdrawn upon my certification to the District Court that this adversary proceeding is ready for trial. *See* N.D. Tex. L.B.R. 5011-1(b). I further recommend that I hear all pretrial matters and submit dispositive

---

[1] References to "Doc. No." herein refer to the docket entry number at which a pleading appears in the docket maintained by the Bankruptcy Court Clerk in the Adversary Proceeding.

motions to the District Court with a recommended disposition. The following is a brief history of the proceedings to date and my bases for this recommendation.

(a) Procedural history to date

This adversary proceeding is close to a year old and already has a complicated procedural history. Lone Star filed the original complaint in late June 2018. In addition to Rabo, the named defendants were joint debtors Waggoner Cattle, LLC; Cliff Hanger Cattle, LLC; and Circle W of Dimmitt, Inc. Rabo filed a motion to dismiss and, alternatively, for abstention. Hearing on this motion was held on December 11, 2018. By my Memorandum Opinion and Order, issued on February 6, 2019, seven of Lone Star's sixteen causes of action were dismissed. Rabo then filed its answer and counterclaim on February 25, 2019. Its answer included a jury demand. In March, Lone Star filed both its answer and a motion to strike Rabo's jury demand. The motion to strike Rabo's jury demand was denied on May 22, 2019. Lone Star also filed a motion to dismiss Rabo's counterclaim, which, after hearing, I took under advisement. Though Rabo here opposes my even hearing a dispositive motion, it has not objected to my deciding Lone Star's motion to dismiss.

As stated above, seven of Lone Star's claims were dismissed. Five of the seven—the alleged fraudulent transfer actions under chapter 5 of the Bankruptcy Code—were dismissed because they are causes of action that belong to the bankruptcy estates. Lone Star improperly asserted the causes without the consent of the debtors and without first obtaining approval of the court. (They were dismissed without prejudice.)[2]

The debtor entities and Michael Quint Waggoner, an individual debtor and principal of the debtor entities, filed their joint chapter 11 plan, which is set for a confirmation hearing on June 27, 2019. The plan includes a provision providing that the "[c]laims against Rabo AgriFinance, LLC

---

[2] I also concluded that the remaining causes of action conferred "related-to" (and thus non-core) jurisdiction on the District Court. *See* 28 U.S.C. §§ 157(c), 1334(b). In addition, by its motion here, Rabo submits that the District Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. No. 73 at 2–3 n.1.

Page 3

due to fraudulent transfers" are reserved and transferred to a litigation trust for assessment and potential prosecution. Case No. 18-20126, Doc. No. 311 § 15.1. This provision raises the question of whether such claims, if brought, should be joined with the causes here.

(b) <u>Bases for recommendation</u>

The district court may withdraw a referred proceeding "for cause shown." 28 U.S.C. § 157(d). And the Fifth Circuit has held that in ruling on a motion to withdraw the reference, a court should consider several factors.[3] The timely demand for and right to a jury trial trumps the factor-driven analysis, however. A bankruptcy court does not have authority to conduct a jury trial without the consent of all parties. *See id.* § 157(e); *see also Stern v. Marshall*, 564 U.S. 462 (2011); *Mirant Corp. v. The S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) (citing *In re Clay*, 35 F.3d 190, 195, 197–98 (5th Cir. 1994)).

This proceeding concerns non-core causes of action; for a non-core matter, a bankruptcy judge may hear and then submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). Only upon consent of all parties can a bankruptcy court hear *and decide* a non-core matter. *Id.* § 157(c)(2). Consent is not required for a core matter. *Id.* § 157(b)(1). The potential joinder of fraudulent transfer causes, which are core matters, does not alter Rabo's jury trial rights. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

Rabo prefers that the reference be withdrawn with no matters—particularly dispositive motions—handled in the bankruptcy court. At the status conference, its counsel conceded that, under the applicable statute, I, as a bankruptcy judge, can hear and submit proposed findings and conclusions to the District Court. As stated, I have already decided *Rabo's* earlier motion that

---

[3] Factors identified by the Fifth Circuit are as follows: (1) whether the matter involves core, non-core, or mixed issues; (2) whether or not there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process. *Holland Am. Ins. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985); *see also Mirant Corp. v. The S. Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006) (discussing the *Holland America* factors).

sought dismissal of certain of Lone Star's claims. And I presently have under advisement Lone Star's motion requesting dismissal of Rabo's counterclaims. Rabo raised no objection to either of these motions going forward in the bankruptcy court.[4]

DATED: June 25, 2019

Respectfully submitted,

/s/ Robert L. Jones
ROBERT L. JONES
U.S. BANKRUPTCY JUDGE

This Report and Recommendation shall be entered on the docket by the Bankruptcy Clerk.

---

[4] *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787–88 (9th Cir. 2007) ("A valid right to a . . . jury trial . . . does not mean the bankruptcy court must instantly give up jurisdiction. . . . [T]he bankruptcy court may retain jurisdiction over the action for pre-trial matters[,]" including dispositive motions.); *see also Miller v. Boutwell, Owens & Co. (In re Guynes Printing Co. of Tex.)*, No. 15-cv-149-KC, 2015 WL 3824070, at *2 (W.D. Tex. June 19, 2015) ("For the non-core proceedings, the bankruptcy court can handle all pretrial matters, and issue findings of fact and conclusions of law for any dispositive motions that this Court will then review de novo.")