IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: § § § § § § | | Chapter 11 |
| WAGGONER CATTLE, LLC, ET AL, | | CASE NO. 18-20126-rlj-11<br>Joint Administration |
| *Debtors.* | | |
| LONE STAR STATE BANK OF WEST TEXAS, § § § § § § § § § § § § § | | ADVERSARY PROCEEDING NO. 18-02007-rlj-11 |
| *Plaintiff,* | | |
| v. | | |
| RABO AGRIFINANCE, LLC, f/k/a RABO AGRIFINANCE, INC. | | |
| *Defendant.* | | |

**<u>BRIEF IN SUPPORT OF MOTION OF LONE STAR STATE BANK OF WEST TEXAS, PLAINTIFF IN THIS ADVERSARY PROCEEDING, FOR COURT TO ENTER ORDER SEQUESTERING NONPARTY WITNESSES FROM READING OR OBTAINING COPIES OF THE DEPOSITIONS OF OTHER WITNESSES IN THIS ADVERSARY PROCEEDING</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now LONE STAR STATE BANK OF WEST TEXAS ("Lone Star"), and provides the Court with its arguments and authorities in support of its motion to sequester nonparty witnesses. Lone Star would show the Court as follows:

## I.
## Summary

1.  The attorney for nonparty witnesses, Russell Pharis, CPA and wife, Kimmy Pharis, both former accounting employees[1] of the Waggoner Entities, is seeking to obtain a copy of the transcript of the August 23, 2019 deposition of DeNise Merritt, CPA. Russell Pharis was deposed on May 24, 2019, and represented by Mr. Wagstaff of Abilene. Kimmy Pharis was scheduled to be deposed on March 19, and another former accounting employee of the Waggoner Entities, Kathy McGinnis, was scheduled to be deposed on March 20. Both depositions were postponed due to COVID-19 travel concerns.

2.  Because of the numerous and serious accounting irregularities in the accounting records of the Waggoner Entities, and because six separate people had a role in those accounting entries and irregularities, Plaintiff is concerned that, if this Court does not enter a sequestration order prohibiting undeposed witnesses from obtaining or reading transcripts of previously deposed accounting witnesses, the undeposed witnesses will have the ability, and certainly the motivation, to "tailor" their testimony to put themselves in a better light, or evade answering hard questions.

## II.
## Argument

3.  As this Court is aware, FED. R. EVID. 615 provides that, upon party's request, the Court must order witnesses excluded so they cannot hear other witnesses' testimony. The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion. *Taylor v. United States*, 388 F.2d 786 (9th Cir. 1967); *United States v. Leggett*, 326 F.2d 613 (4th Cir.) (cert. denied, 377 U.S. 955, 84

---

[1] Russell's work for the Waggoner Entities was a "moonlighting" job. Presuming that his full-time employer, the Massey family in Abilene, would disapprove of him taking on an additional job, Russell had Quint Waggoner pay Russell's wife, Kimmy, and Kimmy only, for all the accounting services provided by both husband and wife (**App. B Ex 42** - Depo R. Pharis pg 12, Lines 1-20). So, although acting as an employee for the Waggoner Entities, Russell did not receive a W-2 or 1099 from the Waggoner Entities, all the pay for both being paid to Kimmy Pharis.

S.Ct. 1633, 12 L.Ed.2d 499 1964). As noted by the Fifth Circuit in *Miller v. Universal City Studios*, 650 F.2d 1365, 1373, the opportunity and ability of a subsequent witness with a transcript of the testimony of a prior witness to shape the subsequent witness's testimony is even more pronounced than a witness who only hears testimony because, with the written transcript, the subsequent witness need not rely only on memory about the prior witness' testimony, but can thoroughly review and study the transcript in formulating his or her own later testimony.

4.  The Ninth Circuit has recognized the FED. R. EVID. 615's rule of exclusion applies to both pretrial evidentiary hearings, as well as to the guilt phases of a trial. *United States v. Brewer*, 947 F.2d 404, 407-08 (9th Cir. 1991). Federal Rule of Civil Procedure 26(c)(1) provides that a court may enter a protective order forbidding the disclosure of discovery, and limiting the persons who may be present while discovery is conducted. Thus, this Court has the authority to limit and condition the use of depositions by undeposed nonparty witnesses.

5.  But for the COVID-19 delay in the depositions of Kimmy Pharis, Kathy McGinnis and Quint Waggoner, this matter would not be an issue. However, since these important witnesses remain undeposed, Lone Star asserts there is simply too great a risk under the unique circumstances of this case for undeposed witnesses to alter or tailor their testimony based upon their ability to read testimony of previous former co-workers in Waggoner Entities' accounting matters.

6.  Lone Star also notes that Kimmy Pharis can show no need to be able to read the testimony of DeNise Merritt before Kimmy Pharis is called upon to testify under oath about her recollection of the events in which she participated.

WHEREFORE, PREMISES CONSIDERED, Lone Star prays that, upon consideration of the accompanying Motion, this Court enter its order as prayed for in Lone Star's Motion to Sequester. Lone Star prays for general relief.

Dated this 30th day of April, 2020.

Respectfully submitted,

LOVELL LOVELL ISERN & FARABOUGH, LLP
John H. Lovell, SBN 12609300
john@lovell-law.net
112 Southwest 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: (806) 373-1515
Facsimile:  (806) 379-7176

By:     /s/ John H. Lovell
         John H. Lovell

*Attorneys for Plaintiff,*
*Lone Star State Bank of West Texas*

### Certificate of Service

I hereby certify that on April 30, 2019, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case, including the following:

Michael Johnson                                                                                    *via ecf:* **mjohnson@rqn.com**
RAY QUINNEY & NEBEKER, P.C.
36 South State, Suite 1400
Salt Lake City, UT 84111

and

Thomas C. Riney                                                                                    *via ecf:* **triney@rineymayfield.com**
W. Heath Hendricks                                                                            *via ecf:* **hhendricks@rineymayfield.com**
RINEY & MAYFIELD, LLP
320 S. Polk Street, Suite 600
Amarillo, TX 79101
    *Attorneys for Rabo Agrifinance, LLC*

Robert B. Wagstaff                                                                              *Via email:* **rwagstaff@mss.law**
MCMAHON SUROVIK SUTTLE, PC
P.O. Box 3679
Abilene, TX 79604
    *Attorney for Kimmy Pharis and Russell Pharis*

Todd J. Johnston                                                                                 *Via email:* **tjohnston@mcjllp.com**
MCWHORTER COBB & JOHNSON, LLP
1722 Broadway
Lubbock, TX 79401
    *Litigation Trustee*

           /s/ John H. Lovell
         John H. Lovell