IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Chapter 11 |
| WAGGONER CATTLE, LLC, et al., | § § | Case No. 18-20126-rlj |
| *Debtors.* | § § | Jointly Administered |
| LONE STAR STATE BANK OF WEST TEXAS, | § § § | |
| *Plaintiff,* | § § | ADVERSARY NO. 18-02007-rlj |
| v. | § § | |
| RABO AGRIFINANCE, LLC, f/k/a RABO AGRIFINANCE, INC.; | § § § | |
| *Defendant.* | § | |

**BRIEF IN SUPPORT OF LONE STAR STATE BANK'S MOTION
TO OVERRULE OBJECTIONS TO SECOND AMENDED NOTICE
OF INTENT TO TAKE VIDEOTAPED ORAL DEPOSITION OF QUINT
WAGGONER, WITH SUBPOENA DUCES TECUM, AND MOTION TO
COMPEL PRODUCTION OF DOCUMENTS OR OTHER INFORMATION**

Comes now LONE STAR STATE BANK OF WEST TEXAS ("Lone Star"), and provides the Court with its arguments and authorities in support of its motion to overrule Quint Waggoner's objections to subpoena duces tecum. Lone Star would show the Court as follows:

MOTION TO OVERRULE OBJECTIONS TO 2ND AMENDED NOTICE OF INTENT TO TAKE DEPOSITION OF QUINT WAGGONER
AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR OTHER INFORMATION
L:\Paula\DATA\Lone Star State Bank-Rabo (re Waggoner).7189\Adversary Proceedings\Rabo 7189.00\Discovery\Drafts\Brief in Support of Motion to Overrule Obj to Notice (2nd Amended) of Depo of Quint Waggoner.doc

Page 1

## III.
## Arguments and Authorities

1. Since Waggoner did not object to any specific request, and because his objections failed to articulate any burden that he would be facing in responding to the subpoena duces tecum, the objections should be considered waived.

2. Pursuant to Federal Rule of Bankruptcy Procedure 9016, Rule 45 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code. FED. R. BANKR. P. 9016. The scope of nonparty discovery under Rule 45 of the Federal Rules of Civil Procedure is the same as that for party discovery - a party can discover any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. *See* FED. R. CIV. P. 26(b); *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir. 1985). Here, many millions of dollars are at issue.

3. Once properly served with a Rule 45 subpoena, a non-party is subject to discovery obligations that the subpoena imposes, as limited by Rule 45's protections that the non-party is entitled to invoke. *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015). To invoke those protections through objections, Rule 45(d)(2) requires that the subpoenaed party "serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested." *Id.* (quoting FED. R. CIV. P. 45(d)(2)(B)).

4. A non-party's objections to document requests in a Rule 45 subpoena are not technically subject to Rule 34(b)(2)(B)'s requirements for objections to requests served on a party. *See* FED. R. CIV. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.") (as amended effective December 1, 2015). *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015). But the courts have concluded that, just as Rule 34(b)(1)'s reasonable

particularity requirement should apply with no less force to a subpoena's document requests to a non-party, a non-party's Rule 45(d)(2)(B) objections to those requests should be subject to the same requirements facing a party objecting to discovery under Rule 34. *Id*. That is, a non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections. *Id*.

**A.    The requests are proportional to the needs of the case.**

5.    In this matter, the total underpayment to Waggoner Cattle was $13,585,649.03. (Doc. 105, ¶ 178). After applying the proceeds of the sale and assignment to Lone Star of its collateral, and the settlement with Moseley & Riddle, Lone Star still has an unpaid principal balance of $6,771,158.43. With attorney's fees and interest, Lone Star is seeking to recover more than $12 million from Rabo. Thus, the scope of the discovery sought from Quint Waggoner in the nine categories of documents are definitely proportional to the needs of this case.

**B.    Analysis of factors determining undue burden.**

6.    For the benefit of this Court, Lone Star will analyze the factors used to determine whether or not a subpoena duces tecum is an undue burden, and will show that it is not an undue burden. The relevant factors considered in determining whether a subpoena duces tecum presents an undue burden are: (1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Furthermore, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id*.

MOTION TO OVERRULE OBJECTIONS TO 2ND AMENDED NOTICE OF INTENT TO TAKE DEPOSITION OF QUINT WAGGONER
AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR OTHER INFORMATION
L:\Paula\DATA\Lone Star State Bank-Rabo (re Waggoner).7189\Adversary Proceedings\Rabo 7189.00\Discovery\Drafts\Brief in Support of Motion to Overrule Obj to Notice (2nd Amended) of Depo of Quint Waggoner.doc

Page 3

7. <u>Relevance and Need</u>. The information requested is very relevant to reconcile the massive accounting, and calculate the many millions of dollars of damages involved in this litigation, as shown above in Section II.

8. <u>Breadth of Request</u>. The breadth of the request is limited. The subpoena duces tecum contains limitations as to the subject matter needed and limits the request to the five entities owned by Waggoner. The request is limited to information that is needed to reconcile the massive accounting involved in this litigation. Although it is a lot of accounting information, Waggoner was using a lot of entities and transactions to move a lot of cattle and money. Thus, the breadth of the request is as limited as possible to obtain the accounting information needed. Additionally, each of the nine categories of documents are clearly identified. Thereby, the breadth of the subpoena duces tecum is limited. Finally, the requested documentation is largely computer stored, so its production in electronic form is relatively non-burdensome. And, Mr. Waggoner's feasibility expert in the plan hearings, who is familiar with the accounting systems for Mr. Waggoner's businesses, has indicated he can extract and produce much of the requested accounting documentation.

9. <u>Time period</u>. In Exhibit 1-A, Lone Star requested federal income tax returns from Mr. Waggoner and his four related entities (Ex 1-A, ¶ 1). Lone Star's request was limited in time to the tax years of 2014-2018, with the exception of Cliff Hanger Cattle, LLC, which was requested for the tax years 2013-2018 (Ex 1-A, ¶ 1). In fact, each of Lone Star's requests was limited in time to the tax years of 2013-2018 (Ex 1-A). The requests were limited in time to the year immediately prior to Rabo's loans to Waggoner's entity, Cliff Hanger, through the year in which Waggoner's entities filed for bankruptcy (Doc 105, ¶10). The tax returns which were requested were those that had not been filed as of the time of the February 2019 lift stay hearing. Prior to confirmation, Julian Berry, CPA, indicated to the undersigned counsel that he was working on preparing those returns. It is not known if Julian Berry, CPA, ever completed that task. Whatever Mr. Berry has prepared is quite relevant.

10. <u>Particularity</u>. The requested documents are identified with sufficient particularity. Neither Mr. Waggoner nor Bart Schilling have objected that the requests are vague, or that they cannot determine was is being requested.

11. <u>Burden imposed</u>. "A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). The inquiry is whether the subpoena imposes expenses on a non-party and whether such expenses are **significant**; if they are, court must protect a non-party by requiring movant to bear at least enough of expense to render remainder **non-significant**. *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (C.A. D.C. 2001) (emphasis added).

12. A subpoena is not unreasonably burdensome unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business. *U.S. v. Chevron U.S.A., Inc.*, 186 F.3d 644, 649 (5th Cir. 1999); *see EEOC v. A.E. Staley Mfg. Co.,* 711 F.2d 780, 788 (7th Cir.1983) (rejecting claim of undue burden where company "made no showing that enforcement of the subpoena would threaten the normal operation of its business"), *cert. denied,* 466 U.S. 936 (1984); *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 313 (7th Cir.1981) (same and noting that company had failed to "present any affidavits to support its conclusionary assertion); *cf. FTC v. Shaffner,* 626 F.2d 32, 38 (7th Cir.1980) (finding insufficient an affidavit that indicated neither "the number of files involved, the number of estimated work hours required to effect compliance, nor the estimated costs of compliance"). Since the task of extracting the requested documents, (or, at least, many of the accounting documents) was delegated to Quint Waggoner's feasibility expert, who also has a major role in Quint Waggoner's post-petition accounting, complying with the subpoena duces tecum should not require much time of Quint Waggoner.

13. Waggoner has provided no evidentiary proof of the time or expense involved in responding to the subpoena duces tecum, so there is no way for this Court to know if the expense

MOTION TO OVERRULE OBJECTIONS TO 2ND AMENDED NOTICE OF INTENT TO TAKE DEPOSITION OF QUINT WAGGONER
AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR OTHER INFORMATION
L:\Paula\DATA\Lone Star State Bank-Rabo (re Waggoner).7189\Adversary Proceedings\Rabo 7189.00\Discovery\Drafts\Brief in Support of Motion to Overrule Obj to Notice (2nd Amended) of Depo of Quint Waggoner.doc

Page 5

imposed on Waggoner is significant. Lone Star has offered to pay the cost of having a third-party IT vendor extract only those texts and emails dealing with Quint Waggoner's business and accounting. Additionally, Waggoner has not made any showing that enforcement of the subpoena duces tecum would threaten his normal operation of his business. Waggoner has wholly failed to meet his burden to provide a specific, detailed showing of how the request is burdensome. Therefore, objections to the subpoena duces tecum should be overruled and Waggoner should be ordered to provide the information requested.

**C.**     **Conclusion**.

14.    Waggoner did not make a specific, detailed showing of how the request is burdensome and did not provide any evidentiary proof of the time or expense involved in responding to the subpoena duces tecum. Therefore, Waggoner has wholly failed to meet his burden to show the subpoena duces tecum is unduly burdensome.

WHEREFORE, PREMISES CONSIDERED, Lone Star prays that, upon consideration of the accompanying Motion, this Court enter its order as prayed for in Lone Star's *Motion to Overrule Objections to Second Amended Notice of Intent to Take Videotaped Oral Deposition of Quint Waggoner, with Subpoena Duces Tecum, and Motion to Compel Production of Documents or Other information*. Lone Star prays for general relief.

DATED this 30th day of April, 2020.

Respectfully submitted,

LOVELL LOVELL ISERN & FARABOUGH, LLP
John H. Lovell, SBN 12609300
john@lovell-law.net
Joe L. Lovell, SBN 12609100
joe@lovell-law.net
112 Southwest 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Phone: (806) 373-1515
Fax: (806) 379-7176

By: /s/ *John H. Lovell*
    John H. Lovell

*Attorneys for Plaintiff, Lone Star State Bank*

### Certificate of Service

The undersigned hereby certifies that on this 30th day of April, 2020, a true and correct copy of the foregoing document was served on counsel of record, as follows:

| | |
|---|---|
| Michael R. Johnson<br>RAY QUINNEY & NEBEKER, P.C.<br>36 South State, Suite 1400<br>Salt Lake City, UT 84111 | *Via email:* mjohnson@rqn.com |

and

| | |
|---|---|
| Thomas C. Riney<br>W. Heath Hendricks<br>RINEY & MAYFIELD, LLP<br>320 S. Polk Street, Suite 600<br>Amarillo, TX 79101<br>   *Attorneys for Rabo AgriFinance, LLC* | *Via email:* triney@rineymayfield.com<br>*Via email:* hhendricks@rineymayfield.com |
| Brian P. Heinrich<br>TEMPLETON SMITHEE HAYES HEINRICH & RUSSELL, LLP<br>320 S. Polk, Suite 1000<br>Amarillo, TX 79101<br>   *Attorney for Tucker and Tyler Waggoner* | *Via email:* brian@tshhr.com |
| Todd J. Johnston<br>MCWHORTER COBB & JOHNSON, LLP<br>1722 Broadway<br>Lubbock, TX 79401<br>   *Litigation Trustee* | *Via email:* tjohnston@mcjllp.com |

/s/ John H. Lovell

MOTION TO OVERRULE OBJECTIONS TO 2ND AMENDED NOTICE OF INTENT TO TAKE DEPOSITION OF QUINT WAGGONER     Page 7
AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR OTHER INFORMATION
L:\Paula\DATA\Lone Star State Bank-Rabo (re Waggoner).7189\Adversary Proceedings\Rabo 7189.00\Discovery\Drafts\Brief in Support of Motion to Overrule Obj to Notice (2nd Amended) of Depo of Quint Waggoner.doc